U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

FILED

OCT 2 2 2009

CLERK, U.S. DISTRICT COURT
By _____
        Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BERNARD STERLING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:09-CV-510-A |
| | § | |
| ZURICH AMERICAN INSURANCE | § | |
| CO., ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Having considered the motion to join additional parties and
motion to remand filed by plaintiff, Bernard Sterling,
("Sterling") and all papers filed in response thereto, the court
concludes that both motions should be denied.

I.

Background

On March 13, 2009, Sterling sued defendants, Zurich American
Insurance Co. ("Zurich") and Gallagher Bassett Services, Inc.
("Gallagher") (collectively, "defendants") in state court.
Sterling alleged that defendants' mishandling of his workers'
compensation insurance claim gave rise to sundry state-law causes
of action, including breach of the duty of good faith and fair
dealing, breach of contract, negligence, fraud, intentional
infliction of emotional distress, and unfair settlement practices
under the Texas Insurance Code and the Deceptive Trade Practices-

1

Consumer Protection Act. Although Sterling's original petition alleged that the adjuster who handled his claim, Trina Embry ("Embry"),[1] engaged in various actions that contributed to his injuries, it did not name Embry as a defendant. Sterling's petition also failed to specify the amount of damages sought, stating only that "[p]laintiff . . . seeks damages in an amount within the jurisdictional limits of [the state court], including but not limited to: (1) financial loss; (2) past pain and suffering and mental anguish and distress; and (3) future pain and suffering and mental anguish." Plaintiff also claimed entitlement to exemplary and punitive damages. In his responses to defendants' requests for disclosure, filed on August 21, 2009, Sterling disclosed that he sought $2,698,224.50 in total damages.

On August 28, 2009, defendants removed to this court based on diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs. Sterling was alleged to be a citizen of Texas. Zurich and Gallagher each was alleged to be incorporated in the State of Delaware and to have its principal place of business in the State of Illinois, thus making them citizens of Delaware and Illinois. On September 28, 2009, Sterling moved to join Embry as a defendant. He simultaneously moved to remand because both he and Embry are citizens of Texas, meaning that the addition of Embry would destroy diversity. Additionally, Sterling asserts that the case

---

[1]In his original petition, Sterling calls Embry by her maiden name, Trina Houston.

should be remanded because defendants failed to timely file their notice of removal and because Gallagher maintains "a" principal place of business in Texas, making it a non-diverse party.[2]

II.

Analysis

A.    Plaintiff Should Not Be Given Leave to Join Embry

Section 1447(e) of Title 28 of the United States Code gives the court two options when a plaintiff seeks to join a jurisdiction-destroying defendant after the case has been removed: "[T]he court may deny joinder, or permit joinder and remand the action to State court." 28 U.S.C. § 1447(e). In determining whether to permit post-removal joinder of a jurisdiction-destroying defendant, the court considers (1) the extent to which the purpose of the joinder is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in seeking joinder; (3) whether plaintiff would be significantly injured if joinder is not allowed; and (4) any other factors bearing on the equities. Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987).[3]

---

[2]Sterling's allegation implies that Gallagher has more than one principal place of business. This implication runs contrary to the prevailing interpretation of 28 U.S.C. § 1332(c)(1). J.A. Olson Co. v. City of Winona, 818 F.2d 401, 406 (5th Cir. 1987) ("Every corporation has one and only one principal place of business.").

[3]Although Hensgens was decided before § 1447(e) was enacted, the Fifth Circuit has continued to cite the Hensgens approach approvingly when reviewing decisions of whether to permit joinder of a non-diverse party whose inclusion would divest the court of jurisdiction. See, e.g., Hawthorne Land Co. v. Occidental Chem. Corp., 431 F.3d 221, 227 (5th Cir. 2005).

3

Applying these factors here shows that joinder should be denied. Sterling's original petition mentions Embry several times and specifically describes her actions in administering Sterling's insurance claim. Thus, Sterling was aware of the facts giving rise to his causes of action against Embry at least as early as the date he filed his original petition. Despite this awareness, plaintiff waited until after defendants removed to seek joinder. Because plaintiff was aware of potential claims against Embry at the time of filing but nonetheless waited to assert those claims until after removal, the court is suspicious of plaintiff's purpose in seeking joinder now. Alba v. S. Farm Bureau Cas. Ins. Co., No. 3:08-CV-0842-D, 2008 WL 4287786, at *2 (N.D. Tex. Sept. 19, 2008); Rosa v. Aqualine Res., Inc., No. 3:04-CV-0915-B, 2004 WL 2479900, at *2 (N.D. Tex. Oct. 28, 2004). Heightening the court's suspicion is the fact that plaintiff neither explains why he waited until after removal to attempt to join Embry nor offers any other purpose for joining her, other than stating, in conclusory fashion, that "she is liable to Mr. Sterling under Article 21.21 of the Texas Insurance Code." Pl.'s Mot. & Br. for Joinder at 3. Thus, it appears that plaintiff's sole purpose in joining Embry is to defeat federal jurisdiction.

The second Hensgens factor also militates against joinder. Although Sterling moved to join Embry quickly after removal, he waited six and one-half months after filing his original petition. Given Sterling's knowledge of Embry's role at the outset of the litigation, the court considers Sterling dilatory

4

in having waited so long. See O'Connor v. Auto Ins. Co., 846 F. Supp. 39, 41 (E.D. Tex. 1994) (finding that plaintiff was not diligent in seeking to add insurance agent as a defendant where plaintiff knew of agent's role in an insurance dispute but did not sue agent in original complaint).

As to the third factor, Sterling has not shown that he will be significantly prejudiced if the court denies joinder. First, nothing indicates that Zurich and Gallagher will be financially unable to fully satisfy a judgment without Embry's help. O'Connor, 846 F. Supp. at 41. Second, defendants assert that any claims Sterling might have against Embry are barred by the statute of limitations. Although the court does not decide the merits of this contention, the existence of a possible limitations defense to Sterling's claims against Embry mitigates the prejudice that might occur from a denial of joinder. See Irigoyen v. State Farm Lloyds, No. CA-C-03-324-H, 2004 WL 398553, at *5 (S.D. Tex. Jan. 5, 2004). Finally, if Sterling truly wishes to pursue his claims against Embry, he may do so in state court. Although Sterling would incur the additional expense of a parallel proceeding, this does not constitute significant prejudice. See Evans v. Wells Fargo Bank, N.A., No. 3:08-CV-1395-M, 2008 WL 4998945, at *2 (N.D. Tex. Nov. 21, 2008); Alba, 2008 WL 4287786, at *2.

No other factors bear on the issue; therefore, the court concludes that Sterling's request to join Embry should be denied.

B.   Defendant's Notice of Removal Was Timely

Sterling also argues that the case should be remanded because defendants failed to timely file their notice of removal. "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b). For service of the initial pleading to start the running of the thirty-day time period, the pleading must "affirmatively reveal[] on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." Chapman v. Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added). If the initial pleading does not so reveal, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of . . . other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b).

Plaintiff's original petition does not allege a specific amount of damages and it is not otherwise apparent from the allegations therein that more than $75,000 is in controversy. Consequently, the original petition does not "affirmatively reveal on its face" that the plaintiff is seeking damages that exceed the jurisdictional amount.[4] See Chapman, 969 F.2d at 162 &

[4]District courts in this circuit are split on what, exactly, Chapman requires in order for the thirty-day period to begin running from service of the initial pleading. See Capturion Network, LLC v.

6

n.3, 163; <u>Staton v. Wells Fargo Bank, N.A.</u>, 192 F. Supp. 2d 681, 682-84 (N.D. Tex. 2002). Defendants' thirty-day window to file a notice of removal therefore began running when they received "other paper" from which they could first ascertain that the case was removable. 28 U.S.C. § 1446(b). In this case, defendants could first ascertain that Sterling sought over $75,000 in damages when they received his responses to their requests for disclosure on August 21, 2009. Therefore, the notice of removal filed on August 28, 2009, was timely, and the case should not be remanded on this ground.

C.    <u>Gallagher's Principal Place of Business Is Not in Texas</u>

        Finally, Sterling argues that the case should be remanded to state court because Gallagher has "a" principal place of business in Texas. Pl.'s Mot. & Br. for Remand at 2. Federal courts are courts of limited jurisdiction, and, where, as here, no federal question is present, the court may exercise jurisdiction only if there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. 1332(a)(1). To have "complete" diversity, no defendant can be a citizen of the same state as any plaintiff. <u>Powell v. Offshore</u>

---

<u>Daktronics, Inc.</u>, No. 2:08-CV-232-KS-MTP, 2009 WL 1515026 (S.D. Miss. May 29, 2009) (discussing split). Some interpret <u>Chapman</u> to require that an initial pleading allege a dollar amount that exceeds the jurisdictional minimum. See, e.g., <u>Freeman v. Witco, Corp.</u>, 984 F. Supp. 443, 446-47 (E.D. La. 1997). Others have decided that the clock begins running even when no dollar amount is alleged in the initial pleading, as long as the allegations would otherwise put the defendant on notice that the amount in controversy likely exceeds the minimum. See, e.g., <u>Century Assets Corp. v. Solow</u>, 88 F. Supp. 2d 659, 661-62 (E.D. Tex. 2000). Here, Sterling's original petition neither contains a dollar amount greater than $75,000 nor puts the defendants on notice that more than $75,000 is in controversy; therefore, the court does not decide which line of cases is more persuasive.

Navigation, Inc., 644 F.2d 1063, 1066 (5th Cir. May 1981). A corporation is a citizen of any state by which it has been incorporated and the state of its principal place of business. 28 U.S.C. § 1332(c)(1). Thus, if Gallagher has its principal place of business in Texas, complete diversity will not exist, and the case must be remanded to state court. If Gallagher's principal place of business is not in Texas, however, complete diversity exists and this court may retain jurisdiction.

The Fifth Circuit applies a "total activity" test to determine a corporation's principal place of business for the purposes of § 1332(c)(1). Teal Energy USA, Inc. v. GT, Inc., 369 F.3d 873, 876 (5th Cir. 2004). "This test requires [the court] to consider two focal points: the location of the corporation's 'nerve center' and its 'place of activities.'" Id. (citing J.A. Olson v. City of Winona, 818 F.2d 401, 406 (5th Cir. 1987)). The court "must examine the totality of the facts, including the corporation's organization and the nature of its activities, to determine which of these focal points predominates." Id. (citing J.A. Olson, 818 F.2d at 406). Where, as here, corporate operations are far flung, the principal place of business will generally be the corporation's "nerve center." J.A. Olson, 818 F.2d at 409 (citation omitted). A corporation's "nerve center" is the place where corporate policy is made and from which corporate activity is directed and controlled. Id. at 406-08.

8

To prove that its principal place of business is not in Texas, Gallagher submits the "affidavit"[5] of Terry Tarter, manager of Gallagher's Plano, Texas, branch. According to Tarter, Gallagher's senior management and primary executive officers are housed at Gallagher's corporate headquarters in Itasca, Illinois. All major financial and corporate policy decisions are made in Itasca. Although Gallagher has three of its 125 offices in Texas, the Texas offices report to corporate headquarters. Likewise, proceeds from the Texas offices are remitted to corporate headquarters, where all billing and accounts receivable are handled. Any decisions made in the Texas offices are not binding on any other offices.

Sterling apparently does not dispute these facts.[6] Rather, in support of his position that Gallagher has "a" principal place of business in Texas, he merely states that "[t]he adjusters for Gallagher Bassett Services, Inc., that handled the workers compensation claim of Plaintiff did so from their office within the state of Texas, situated in Plano." Pl.'s Mot. & Br. to Remand at 2. The mere fact that a corporation conducts business or maintains a branch office in a particular state does not mean that the corporation has its principal place of business there.

---

[5]There is some question as to whether or not the document referred to as an "affidavit" legally qualifies as such; however, the court is not exploring the subject further because plaintiff does not take issue with the truthfulness of the statements made therein.

[6]Sterling submitted no proof of Gallagher's principal place of business with his motion to remand and has not filed a reply to defendants' brief (to which the Tarter affidavit is appended) as of the signing of this order.

See Karage v. First Advantage Corp., No. 3:09-CV-0604-M, 2009 WL 2568261, at *3 (N.D. Tex. Aug. 19, 2009); Carr v. TransAm Trucking, Inc., No. 3:07-CV-1944-BD, 2008 WL 866195, at *2 (N.D. Tex. Mar. 17, 2008). If that were the case, Gallagher would have a principal place of business in each state where one of its 125 offices are located. But this is impossible, as "[e]very corporation has one and only one principal place of business." J.A. Olson, 818 F.2d at 406. Based on the facts presented in the Tarter affidavit, Gallagher's principal place of business is at its nerve center in Itasca, Illinois. Thus, Gallagher is not a citizen of Texas and complete diversity exists in this case. Sterling's motion to remand should be denied.

III.

Order

For the reasons discussed above,

The court ORDERS that plaintiff's motion to join additional parties be, and is hereby, denied.

The court further ORDERS that plaintiff's motion to remand be, and is hereby, denied.

SIGNED October 22, 2009.

_____

JOHN McBRYDE
United States District Judge